IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CT-3358-BO

| | |
|---|---|
| LUIS ANTONIO ROSADO, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JOSHUA BARNES, QUAMANYNE ) | |
| JOHNSON, LARRY GRIER, and ) | |
| MICKEENYN ROBINSON, ) | |
| ) | |
| Defendants. ) | |

The matter now is before the court on plaintiff's motion for a new trial pursuant to Federal Rule of Civil Procedure 59 (DE 133), motion for an appeal (DE 134), corrected motion for an appeal (DE 136), and motion for copies (DE 142). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court denies plaintiff's motion for a new trial, denies as moot his motions for an appeal, but grants his motion for copies.

**BACKGROUND**

On December 2, 2019, Luis Antonio Rosado Jr. ("plaintiff"), a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983, against defendants Mr. Flemmings ("Flemmings"), the Superintendent at Maury Correctional Institution ("Maury"), as well as Sergeant Joshua Barnes ("Barnes"), Unit Manager Eric Riggs ("Riggs"), and Sergeant Da'Shone Joyner ("Joyner"). The court subsequently conducted an initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and allowed him to proceed with his claim that defendants Riggs, Barnes, and Joyner used excessive force against him in violation of the Eighth Amendment to the United States

Constitution, and that defendant Joyner acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The court dismissed the remaining claims and defendants. The court subsequently allowed plaintiff to amend his complaint to include an excessive force claim against defendants Correctional Officer Johnson ("Johnson"), Correctional Officer Larry Grier ("Grier"), and Mickeeyn Robinson ("Robinson"). See (DE 21, 25). On August 31, 2022, the Clerk of Court made an entry of default as to defendant Johnson, and plaintiff later moved for default judgment. See (DE 58).

After defendants Barnes, Grier, Joyner, Riggs, and Robinson moved for summary judgment, the court granted the motion as to all claims and defendants except plaintiff's excessive force claim against defendants Grier, Barnes, and Robinson. The matter subsequently was referred to United States Magistrate Judge Robert B. Jones, Jr. for a court-hosted settlement conference. Judge Jones appointed attorney Haseeb S. Fatmi to represent plaintiff for the limited purpose of assisting him at the settlement conference. The case did not settle, and Mr. Fatmi later filed a notice of appearance indicating plaintiff had retained Mr. Fatmi to represent him at trial. On February 24, 2023, plaintiff filed an emergency motion to compel defendants to "fully and completely comply with certain subpoenas served on Defendants ordering the appearance at trial of witnesses to testify at trial on February 27, 2023, who are currently in Defendant's custody and control." See ((DE 114), p. 1). Defendants responded. Plaintiff did not raise any issues related to his motion to compel at trial.

On February 27 and 28, 2023, a jury trial was held in Elizabeth City, North Carolina. The jury returned a verdict for defendants Barnes, Grier, and Robinson, finding that these defendants did not use force against plaintiff maliciously and sadistically for the very purpose of causing plaintiff harm on December 18, 2018. See (DE 119). On March 20, 2023, the court issued an order denying

2

plaintiff's motion for default judgment as to defendant Johnson and directed the Clerk of Court to enter judgment. See (DE 125). The court, additionally, denied as moot plaintiff's motion to compel. See (DE 125). On April 5, 2023, plaintiff entered a notice of appeal.

On April 24, 2023, plaintiff filed a pro se motion for a new trial pursuant to Rule 59. The motion was fully briefed. Plaintiff next filed a motion of appeal and a corrected motion of appeal. Finally, plaintiff filed a motion for copies.

## DISCUSSION

The court begins with plaintiff's motion for a new trial pursuant to Federal Rule of Civil Procedure 59. A motion for a new trial must be granted where "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Atlas Food Sys. & Servs., Inc. v. Crane Nat. Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996); Doe v. Fairfax Cty. Sch. Bd., 1 F. 4th 257, 268 (4th Cir. 2021) (noting that despite the permissive language of the rule courts are required to order new trial where any of the above circumstances exist); Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998). A court is permitted to weigh the evidence and consider the credibility of the witnesses when deciding a motion for a new trial. Id. The decision to order a new trial is within the trial court's discretion. Whalen v. Roanoke Cnty. Bd. of Sup'rs, 769 F.2d 221, 226 (4th Cir. 1985).

Following careful consideration of the record and the parties' arguments, the court is not persuaded that plaintiff suffered any prejudicial error such that a new trial would be warranted. The jury's verdict finding that defendants Barnes, Grier, and Robinson did not use force against the plaintiff maliciously and sadistically for the very purpose of causing plaintiff harm on December 18,

3

2018 was supported by the evidence. To the extent plaintiff contends he was prejudiced by the fact that the court ruled upon his emergency motion to compel post-trial, plaintiff, through his counsel, had the opportunity to raise any issue related to his motion at trial, and declined to do so. Finally, as to each of the issues plaintiff raises, plaintiff has not presented grounds to warrant a new trial. Based upon the foregoing, plaintiff's motion is denied.[1]

To the extent plaintiff requests that the court appoint him counsel to assist with his appeal, a notice of appeal divests a district court's jurisdiction over a matter and confers jurisdiction on the court of appeals. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58–59 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Because this court no longer has jurisdiction over plaintiff's action, his request for the appointment of counsel is denied.

The court next addresses plaintiff's motions of appeal. Plaintiff's motions are not a model of clarity. This case currently is pending on appeal to the Fourth Circuit Court of Appeals. See (DE 132). Thus, plaintiff's motions of appeal are denied as moot.

Finally, the court turns to plaintiff's motion for copies. Plaintiff requests a "complete copy of [his] last motion." See (142). The court grants plaintiff's motion, and the Clerk of Court is directed to send plaintiff a copy of plaintiff's corrected motion of appeal (DE 136). Plaintiff must pay the copying costs of 50 cents per page for any future copy requests, and must submit the request direct to the Clerk of Court. See 28 U.S.C. § 1914 n.4 (District Court Miscellaneous Fee Schedule).

---

[1] Because the court has denied plaintiff's motion for a new trial on the merits, the court does not address the timeliness of the motion.

4

## CONCLUSION

In summary, plaintiff's motion for a new trial (DE 133) is DENIED. Plaintiff's motions of appeal (DE 134, 136) are DENIED as MOOT. Plaintiff's motion for copies (DE 142) is GRANTED, and the Clerk is DIRECTED to send plaintiff a copy of (DE 136).

SO ORDERED, this the 27 day of June, 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge

5