In The United States District Court for The Eastern
District of North Carolina Western Division
file No. 5:19-Ct-3358-BO

FILED

DEC - 9 2025

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Luis Antonio Rosado, Jr.
(Plantiff)

V.

Joshua Barnes, Eric Riggs,
Da'shone Joyner, Larry Grier,
Mickeeyn Robinson, Quamayne
Johnson,
(Defendants)

Motion for Reconsideration
for Plantiff's Rule 9(b)
Motion Pleading Special matters

Now Comes Plantiff Luis Antonio Rosado, Jr., a Pro-se litigant.
Plantiff files with the Court "motion for Reconsideration for plantiffs
Rule 9(b) Motion Pleading special matters." Plantiff moves the
Court to Grant motion for the Reason(s) stated herein:

## DEFENDANT'S CLEAR PERJURY IN REGARDS TO PLANTIFF'S FIRST INTERROGATORIES NO. 6 AND NO. 7

1) During Discovery on Plantiffs Interrogatory No. 6, we asked the defendant
(s) the following" describe in detail all disciplinary actions taken, and disciplinary
Charges made, against you during the past three (3) years related to use of force
against Prisoners, or Prisoners access to medical care." Defendant Riggs, Joyner,

Case 5:19-ct-03358-BO   Document 163   Filed 12/09/25   Page 1 of 10

Barnes Committed Perjury and stated they had none to "their knowledge" which is false and fraudulent. For there were 6 other individuals outside of the Plantiff who have filed Grievances with the NC DPS (North Carolina Dept. of Public Safty) N/K/A/ NCDAC (North Carolina Dept. of Adult Corrections) against these individuals for excessive force and breach of policies and procedures. (See Exhibit 1 Plantiffs First Interrogatories, Production of documents, and request for admission page page Interrogatory 6, And Interrogatory No.7).
The 6 individuals who filed such Complaints are listed as follows:
1) Steven taylor
2) Eric Hudson
3) Jamuel Ewing
4) Tyree Sharif Newsaun
5) Dominic Bullard
6) Edward Earl Brown Jr.
This is a clear breach of Fiduciary duties of Assistant Attorney General James B. Trachtman, who clearly Violated NC State Bar Rules 3.4, and violated the Statue 18 U.S.C.A.§ 1622 Subornation of perjury.
This is even clear as you Go to Interrogatory No. 7 which asks " Identify all use of force and prisoner access to medical care grievances, Complaints, and litigation brought or filed against you within the past three (3) years, including the Outcome of all such grievances, Complaints, and litigations."
Each of the listed defendants Committed perjury onto the Record by stating they had none yet it is Public Record that the defendants Riggs, Barnes, Joyner have Committed Perjury which violated the Statute 18 U.S.C.A.§ 1621 on perjury and Counsel Trachtman again Violated federal Statute 18 U.S.C.A.§ 1622 Subornation of perjury. Counsel should have been aware of the other pending Case of Excessive

force. The following cases are listed as follows:

1) Steven Taylor V. Lt. Christopher Martin, et.al, 5:22-ct-3239-m (Barnes + Joyner listed) This occurred in 2021 and was filed July 18, 2022.

2) Eric Hudson V. C/o Sessoms, et. al. 5:20-Ct-3269-D, (Joyner Listed) This occurred in July 14, 2019 and filed Sept. 1, 202.

3) Jamuel Ewing V. Officer Tolby, et. al., 5:21-ct-03315-M, (Riggs + Barnes Listed) this occurred Sept. 18, 2020 and filed Oct. 18, 2021.

4) Tyree sharif Newsaun V. Colby Shirley + Joshua Barnes, 5:21-ct-3124-FL this was filed may 7, 2021.

5) Dominic Bullard V. Coley, et. al, 5:22-Ct-03005-m (Joyner listed) This was filed on Jan. 4, 2022, and it occurred on Oct. 14, 2021.

6) Edward Earl Brown Jr. V. John Herring, et. al., 5:21-Ct-03296-M, (Joyner listed) This occurred march 22, April 20, July 25, 2019 and filed Sept. 28, 2021.

The defendants failed to comply in Good faith with the discovery and had Plantiff had this information prior to trial, Plantiff could have raised these issues adequately, for their statement is material and if they committed perjury then, then the Court Cant rule that statements given at Trial was Truthful.

## ARGUEMENT 1:

## DEFENDANTS VIOLATION OF FEDERAL STATUTE 18 U.S.C. A.§ 1621 PERJURY AND COUNSEL JAMES B. TRACHTMAN VIOLATED FEDERAL STATUTE 18 US.C.A. §1622 AND ALS N.C.G.S.A §§ 14-209, 14-210:

1) Plantiff reveals to the Courts that the Defendants Joyner, Riggs, and Barnes purposefully perjured themselves on the record during the defendants response to

Plantiffs ~~interrogatories~~ interrogatories NO. 6 and NO. 7. For Counsel Trachtman has suborned perjury by clients which violate federal statute 18.U.S.C.A.§1622 and North Carolina General Statute §14-210 (1994). Which suborning perjury is a Crime. see In re Burton, Jan.23, 2009, 442 B.R. 421; deciet and intent to defraud are necessary elements of subornation and attempted subornation of perjury, and Person who solicits perjury must have attempted to Counsel, entice or induce another to decieve the Court. For the Counsel James B. Trachtman to enter falsities on to the record with recklessness and lack of diligence shows intent to decieve, The Cases listed in the motion shows the defendants clear intent to decieve the Court and Conceal their wrongdoings, Plantiff has spotlighted the clear violations as stated. see State V. Huff, April 6, 1982, 56 NC App. 721, see also State V. McBride, August 23, 1972, 15 NC App 742; See also 19 U.S.C.A§ 1592(a)(1)(i)(ii) penalties for fraud.

Law clearly states "a party is not guilty of subornation of perjury unless perjury is in fact, Committed. which plantiff has clearly shown the Courts. see U.S. V. Brumley, C.A.5 (Ga.) 1977, 560 F2d. 1268.

To ignore blatant Crimes is against the Truth seeking forum and challenges the integrity of the Courts. For it is the Courts duty to preserve the integrity of the Court and ensure all parties Comply with the laws and federal Rules of Civil Procedures. Also These acts violate NC State Bar Rules Ch.2, Rule 3.1, 8.4 (c, D); state Bar Rules ch.2 Rule 3.3(a), 3.3(D), 3.4) Therefore, the Court should disbar the Counsel Trachtman for misconduct and Indict the defendants Riggs, Joyner, And Barnes. See NC state Bar V. Berman, NC COA, may 20, 2014, 234 NC App 116.

Case 5:19-ct-03358-BO    Document 163    Filed 12/09/25    Page 4 of 10

# DEFENDANTS GRIER AND ROBINSON VIOLATES 18 U.S.C.A. § 1621 PERJURY AND COUNSEL BRECHER VIOLATES 18 U.S.C.A. § 1622; Also N.C.G.S.A. §§14-209 AND 14-210 Subornation of Perjury And Perjury:

2) During the litigation defendant Grier did not answer interrogatories, yet Defendant Robinson perjurred himself on Interrogatories No. 12, 15 + 19. Where Defendant Robinson Stated on Plantiffs Interrogatories "that plantiff threatened me while in the Decontamination shower." This is fraudulent for during Plantiffs Trial Session "He Stated "I did not escort him or was invowed during this point. This is false. Also Counsel Bradley Brecher violated 18 U.S.C.A. § 1622 for in Counsels Motion for summary Judgment, in the material facts number 23 or 24. it states "Defendants Riggs, Barnes, Joyner, and Robinson were not involved in this incident."

Then at Plantiffs Trial session Defendant Continued to dig himself deeper into a hole by further perjurring himself onto the Record by Stating "I was involved and had to use force." This statement is material and is evidence that Defendants intended to decieve the Courts with no regards for integrity. For Counsel Brecher Can not be found Guilty of violating a federal and State Statute without his Clients violating a federal and state statute as well. In the matter speaking the defendants Robinson, Barnes, + Grier has Committed perjury to the Courts and Jury, in doing so Defense Counsel is Guilty of Subornation of perjury which violated The federal + State Statutes 18 U.S.C.A. § 1622 and N.C.G.S.A. §14-210; and Mr. Robinson + Grier has Violated federal statutes and States Statutes 18 U.S.C.A. §1621 + NCGSA §14-209.

Case 5:19-ct-03358-BO    Document 163    Filed 12/09/25    Page 5 of 10

## ARGUEMENT 2.

## DEFENDANTS GRIER AND ROBINSON VIOLATES 18 U.S.C.A. § 1621 PERJURY AND COUNSEL BRECHER VIOLATED 18 U.S.C.A. § 1622; AISO N.C.G.S.A. §§ 14-209 AND 14-210 SUBORNATION OF PERJURY AND PERJURY:

2) By law 18 U.S.C.A. §1621 (1)(2) any one who makes a statement under oath and gives testimony Contrary to the truth is in Violation of the statute and Section 1746 of title 28, United States Code. for Defendant Robinson + Grier made false testimonies while under oath knowingly and willingly with the intent to deceive and defraud the Courts. see Dickinson V. Wainwright, C.A.5. (Fla). 1980, 626 F2d 1184; see also U.S. V. Gross, C.A.3 (N.J.) 1975, 511 F2d. 910, Ceritorari denied 96 S. Ct. 266, 423 U.S. 924, 46 L.Ed. 2d. 249. For the defendants false statements under Oath are to be Subject to Criminal Conviction, for the Court should prohibit the willful and knowing making and using of false Statements before an agency of the United States and need not be given before a Tribunal. see U.S. V. Stephens, W.D. Okla. 1970, 315 FSupp. 1008; see lastly, U.S. V. Lange, S.D.N.Y. 1955, 128 FSupp. 797. For Since, the Defendants entered falsities onto the Record and Counsel(s) Brecher Own material facts clearly impeaches any defense of deniability or immunity, the Counsel has Suborned perjury and violated Federal + States Statutes, see 18 U.S.C.A. §1622 and N.C.G.S.A. §14-210. see for in order to Charge one with Subornation of perjury there has to be Perjury and plaintiff has demonstrated that Statements given by the defendants + Counsels are improper, and violated federal and States Statutes. Therefor, the Counsel + defendants are in violation. see U.S. V. Gross, CA3 (N.J.) 1975, 511 F2d 910, Ceritorari denied 96 S. Ct. 266, 42

Case 5:19-ct-03356-BO    Document 163    Filed 12/09/25    Page 6 of 10

U.S. 924, 46 L.Ed. 2d. 249., see also U.S. V. Brumley, C.A.5 (GA) 1977, 560 F2d 1268; Catrino V. U.S., C.A9 (Mont.) 1949, 176 F2d 884, see lastly, U.S. V. Slawik, D.C. Del. 1975, 408 Fsupp. 190, affirmed 564 F2d. 90. For Defense Counsel has violated NC State Bar Rules 3.1, 3.3, 8.4 (c,D), 3.3 (c,D) of NC State Bar Rules Chapter 2, see NC State Bar V. Berman, NC. CoA, May 2014, 234 NC APP 116, Therefore Counsel Brecher and defendants should be indicted and held accountable for their lack of integrity and disgraceful acts. Counsel Brecher should be disbarred, by Law.

Plantiff has submitted a claim against the Defendants Counsels and has made claims per N.C.G.S.A §84-13 fraudulent practice see Luis A. Rosado Jr. V. Bradley D. Brecher, 5:25-ct-3183-D, filed August 25, 2025. also plantiff has submitted a Rule 9 (b) motion and has given all the evidence to the Courts of Perjury, Subornation of perjury, and fraud on to the Courts, therefore, plantiff asks the Court to Reconsider the Plantiffs motion for the reasons stated herein.

## PRAYER FOR RELIEF

Plantiff prays for the following Relief:

1) for an order Granting plantiffs Rule 9 (b) pleading special matters.

2) for disbarment of Counsel(s) Trachtman and Brecher for violation of NC State Bar Rules and Federal Statutes 18 U.S.C.A. §1622, + NCGSA §14-200

3) for Indictments of defendants Barnes, Riggs, Joyner, Robinson, + Grier for violation of 18 U.S.C.A §1621 And N.C.G.S.A §14-209.

4) for an Evidentiary hearing to be heard on the merits.

5) for findings of facts and Conclusion of Law pursuant to Federal Rules of Civil Procedure Rule 52.

6) For any other Relief that the Court deems Just and equitable.

Respectfully Submitted December 3rd, 2025.

Luis Antonio Rosado Jr.
#1087392

# CONCLUSION

Its stated that you can not prosecute subornation of perjury without the perjury element presented. yet if Courts reflects to plantiffs Rule 60 motion, motion for new Trial, and Rule 9(b) motion pleading special matters plantiff has spotlighted clear perjury by the defendants Robinson, Barnes, Grier, Riggs + Joyner. for the defendants has violated federal Statute 18. U.S.C.A.§1621 and Local Statute N.C.G.S.A.§14-209. Perjury. see State V. Huff, April 6, 1986, 56 NC App 721; and see State V. McBride, August 23, 1972, 15 NC App 742; and See lastly, 19 U.S.C.A.§1592 (a)(1)(i)(ii) penalties for fraud. If defendants lied during discovery, The Courts Cant render their testimony Truthful The defendants has Committed Perjury under oath during the discovery phase and during Trial session with false testimonies and perjuried Statements. Counsels Breeder and Trachtman have Suborned perjury willingly and knowingly which violate federal statutes and local statutes 18 U.S.C.A.§1622 and N.C.G.S. A.§14-210 which is Subornation of Perjury. These are severe breaches of Fiduciary duties and this misconduct deserves disbarment and severe punishment by law. see U.S. V. Brumley CA.5 (Ga.) 1977, 560 F2d. 1268; see also NC State Bar V. Berman, NCCOA, May 20, 2014, 234 NC App 116. for the Court Should Protects its Reputation of integrity and preserve the Honor bestowed upon the Courts for the defense has disregarded the federal Rules of Civil procedures, and, federal and local Statutes with impunity. Therefor, The Court Should enter an order for Plantiff Rule 9(b) motion and Grant an evidentiary hearing. for if the

Case 5:19-ct-03358-BO  Document 163  Filed 12/09/23  Page 8 of 10

Courts ignore Plantiffs Motion, Plantiff will suffer irreparable harm and economic loss under false pretenses which is deceiptive and improper.

Respectfully Submitted on December 3rd, 2025.

sincerly

Luis Antonio Rosado Jr.
#1087392

355 Old Glenwood Rd.
Marion  NC  28752

## <u>DECLARATION</u>

I declare under penalty of perjury that the foregoing Stated herein to be True and Correct, even those stated upon facts and belief believe them to be True.

Respectfully Submitted on December 3rd, 2025.

Luis Antonio Rosado Jr.
#1087392

355 Old Glenwood Rd.
Marion  NC  28752

## Declaration of Service

I declare that I sent this 10 page document titled "Plantiffs motion for reconsideration for plantiffs Rule 9 (b) motion Pleadings special matters" thru the United states postal service, first class postage, prepaid to the address as follows:

United States District Court
For the Eastern District of N. Carolina
Att: Judge Terence W. Boyle
Po Box 25670
Raleigh NC 27611

sincerly,

Luis Antonio Rosado Jr.
#1087392
355 Old Glenwood Rd.
Marion NC 28752