In The United States District Court for The Eastern District of North Carolina Western Division

Case No. 5:19-ct-3358-BO

Luis Antonio Rosado, Jr.
(Plantiff)

V.

Joshua Barnes, et. al.
(Defendants)
In official + Individual Capacities

Plantiffs Motion Pleading Special matters

FILED
JAN 05 2026
PETER A. MOORE JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Now Comes plantiff Luis Antonio Rosado, Jr., a Pro-se litigant. The Plantiff files with the Court "Plantiff's motion pleading special matters pursuant to Federal Rules of Civil Procedures Rule 9(b) and pursuant to 31 U.S.C.A. § 3729 false claims Act." Plantiff moves the Court to schedule an evidentiary hearing for the Good Cause Shown:

## DEFENDANT'S COUNSEL JAMES B. TRACHTMAN BREACH OF FIDUCIARY DUTIES, VIOLATION OF NC STATE BAR RULES Ch.2 Rule 3.1, 3.3, 3.4:

1) During the plantiff litigation Battle Counsel Trachtman was the Counsel that represented the defendants during plantiffs discovery phase. During the discovery the Counsel Suborned perjury from his clients Barnes, Robinson, Riggs, Joyner. This is a clear violation of 18 U.S.C.A. § 1622 and 18 US.CA §1621 (subornation of perjury and perjury). Counsel Breached fiduciary Duties owed to the plantiff's per NC State Bar Rule ch.2 Rule 3.4(a)(b)(c)(d)(2)(3) by

(a) unlawfully obstructing plantiff access to key evidence that impeaches its very own defense, by unlawfully alter, destroy and or conceal the video footages from Maury Correctional Institution upper Red unit, and any other footages that was key to plantiffs Claims. (B) By assisting his clients, Riggs, Joyner, Robinson and Barnes to commit perjury on plantiffs Interrogatories and Admissions. This is fraudulent and unmoral of a state employee per N.C.G.S.A. §126-35 and defined under 25 NCAC 1J..0614 (8)(a)(d)(e)(f), 27 NCAC Rule 3.3(a)(1)(3)(b)(c) Candor toward tribunal. For Mr. Trachtman need not a warning nor has he conformed to Rules of Professional Conduct of the NC State Bar Rule 1.2, for his actions and those of his clients are unmoral, dispicable and should be held accountable for their fraudulent actions, also defined under 27 NCAC Rule 3.3(a)(1)(3)(b)(c) Candor towards tribunal.

## ARGUEMENT 1.

For Counsel Trachtman has conducted himself unmorally by suborning perjury which is a clear violation of fiduciary duties owed to plantiff per NC State Bar Rules Ch. 2 Rule 3.4, Rule 3.1 and Rule 3.3(a)(b)(c). see Moseley V. Hendericks, supreme court of NC, August 22, 2023, -SE2d--; see Podsebarac V. Horack, Talley, Pharr, & Lowndes, P.A., court of Appeals of NC, Oct. 5, 2021, 279 NC APP 624.

Counsel suborned perjury on plantiffs Interrogatories No. 6 and No. 7 via his clients Riggs, Joyner, Barnes when asked if they have ever been reported via Grievance for ~~~~ Excessive force or medical claims to which each of the clients Joyner, Barnes, and Riggs stated they had "none".

This is false testimony and a breach of N.C.G.S.A §14-209, 18 U.S.C.A§ 1621, N.C.G.S.A §14-210, 18 U.S.C.A. § 1622.

For the NC State Bar Rules Ch. 2 Rule 3.3(a)(b)(c), 3.4 (a)(b)(c) are a serious breech of duties by Counsel Trachtman and per N.C.G.S.A § 126-35

Just cause for disciplinary he should be held accountable for his unmoral decisions. see BDM Investments V. Lenhill, Inc., 264 NC App 282; see Fifth Avenue United Methodist Church of Wilmington V. North Carolina Conference, Southeastern Jurisdiction, of United Methodist Church, Inc. 297 NC App 246. Also Robinson committed perjury on Interrogatories as well. For the Courts can not allow these acts to Continue without Reprimand, due to Corrupt state employees perception that can they do whatever they please and violate statutes (Federal and state) with no real Consequence. LASTLY, Fraud is actionable under the Federal and state False claims Act only if it Constitutes a false or fraudulent claim which Plantiff affirms for the Courts that the claims made by the defense was indeed false and defense purported false claims onto the record willingly and knowingly. See False claims Act 31 U.S.C.A §3729(a)(i)(A)(b)(2)(A)(i); N.C.G.S.A § 1-607(a)(1)(2)(3)(7); in United State ex rel. Wheeler V. Acadia Health Care Company, Inc., Feb.3,2025, 127 f 4th 472; United States Ex rel. Schutte. V. Super Valu Inc., June 1, 2023, 598 U.S. 739, 27 NCAC Rule 3.3.(a)(1)(3)(b)(c).

## DEFENDANT'S COUNSEL BRADLEY D. BRECHER'S BREACH OF FIDUCIARY DUTIES AND SUBORNATION OF PERJURY:

2) During Plantiff Trial Session on Case No. 3358-BO, The Counsel for the defendants Bradley D. Brecher breached the fiduciary duties of an assistant Attorney General. For Mr. Brecher violated NC State Bar Rule 1.2 of the Rules of professional Conduct, NC state Bar Rule Rule 3.1, 3.3(a),

(b)(c); Rule 3.4(a)(b)(c)(d)(2)(3)(E). For Mr. Brecher made false claims that the Plantiff violated Institutional Rules such as 1) possession of a weapon, 2) disobeying direct orders, 3) Threatning to harm staff. This is false claims that the defense purported onto the record and to the Jury to influence the decision making process and done so knowingly and willingly with the intent to deceive for the Evidence in possession of the NC DOJ (North Carolina Dept. of Justice), and the NCDAC (North Carolina Dept. of Adult Corrections) Shows that on the Date of Incident 12/18/2018 Plantiff was never charged nor found guilty of 1) weapons possession 2) Threatning staff, or 3) disobeying direct orders. Also the Defense witness John Gray also impeached the defense's claims and after due diligence plantiff Shows that the assault was calculated and that the defendants Barnes, Robinson, and Grier Continued to commit perjury onto the record with no regards or respect for the Tribunal. Counsel has impeached his own Summary Judgment motion during Trial session and If the Court does not Grant an evidentiary hearing then the defense will have defrauded the Tribunal and the plantiff of a verdict where the evidence is in favor of the Plantiff not the Defense. To allow this unmoral Conduct to Continue with no Consequence instills lack of Integrity and Honor in the Tribunal.

## ARGUEMENT 2:

Counsel Bradley Brecher's motion for summary Judgment Document 79, on the material facts page 4 Line 23 it states "Defendants Robinson, Joyner, Barnes and Riggs were not involved." Then Counsel Brecher willingly And knowingly Subpoened perjury from Defendant Robinson during trial session

to which he admitted to have used force and was involved. This is a severe breach of NC State Bar Rules ch.2 Rule 3.1, 3.3, and 3.4. This act also breaches NC State Bar Rule 1.2 of Professional Conduct. For the assistant attorney General has committed acts that breach N.C.G.S.A. § 126-35 Just Cause, Dismissal, and is defined under 25 NCAC 1J.0604, 25 NCAC 1J.0614(d)(e)(f). For the defense has falsified a Record by making false entries with the intent to defraud, and injure the plaintiff with economic loss and to conceal their wrongful deeds. This violates 18 USCA §§1506, 2071, 2073; Model Penal Code §224.4. see Wikins V. Safran, ept. 4, 2007, 185 NC App 668; Smith V. Childs, Dec. 7, 1993, 112 NC App 672. The acts the defense has violated are state and federal statutes and are listed as follows: 18 U.S.C.A. §§ 1621, 1622, N.C.G.S.A. §§ 14-209, 14-210; 31 US.CA §3729 False Claims Act.

Counsel knew that the evidence submitted during trial supported plaintiff's verdict and then misrepresented material facts and suborned perjury to conceal the truth of the events from 12/18/2018. see In Re Burton, January 23, 2009, 442 B.R. 421, U.S. V. Heater, August 16, 1995, 63 F3d. 311.

For Mr. Brecher knowingly allowed his clients and witness to testify falsely and did not correct or prevent such dispicable acts. see U.S. V. Derrick, November 23, 1998, 163 F3d. 799; For the plaintiff is not spreading accussatory allegations but pure facts that is purculating on the record and the plantiff have vigorously complained to the courts on plantiffs motion for New Trial, Plantiff motion for Relief from Judgment, and plantiffs motion pleadings Special matters. see U.S. V. Hairston, Feb 1, 1995, 46 F3d 361; State V. Huff April 6, 1982, 56 NC App 721; State V. McBride, August 23, 1972, 15 NC App 742; State V. King, June 1, 1966, 267 NC 631; Brewer V. Carolina Coach Co. Nov. 2,

1960, 253 NC 257. For the Counsel's action violates 27 NCAC Rule 3.3 Candor toward the Tribunal, 27 NCAC Rule 3.3(a)(1)(3)(b)(c) For he offered false testimony which is material evidence and knowingly used it even with prior knowledge of its falsity. For the defendants and Counsel used false and improper testimony to deceive the jury and the jury was swindled for they were swayed by irrelevant issues. See State v. Phillips, June 16, 2011, 365 NC 103; Therefor since the Jury was manipulated it is only correct that the Tribunal issues a New Trial. State v. Wilkerson, August 28, 2009, 363 NC 382. Therefore, the Trial Court should vacate the Judgment that was imposed for Joyner, Riggs, Flemmings, and the Verdict for Robinson, Grier, and Barnes and Grant a New Trial due to use of false Evidence and Testimony. This is also merits for an evidentiary hearing and is a local statute that permits a victim (plaintiff) the right to be heard. See NCGSA § 7B-2054(a)(b)(c).

## FALSE CLAIMS AND FRAUDULENT PRACTICE BY DEFENDANTS + DEFENSE:

3) The defendants, Robinson, Grier, Riggs, Joyner, and Barnes, knowingly and willingly made false claims (31 USCA § 3729) and committed perjury while under oath with no regards to Integrity, while the Counsel had prior knowledge to the fraudulent acts purported onto the Record and made no decision to correct it. See Turpin v. Charlotte Latin Schools, Inc., April 2, 2024, 293 NC APP 380, Further act of deceit and dishonesty has no room in the department

of Justice ("NCDOJ") and for the Cansels Brecker, Trachtman, and McInnes to use deceptive tactics is unmoral and improper and Breaches NCGS.A§ 84-13 Fraudulent Practice. see Mann v. Huber Real Estate, Inc., June 20, 2023, 289 NC App 340; see Asby v. Medtronic, Inc., May 18, 2023, 673 FSupp 3d. 787; see The North Carolina State Bar. v. Gilbert, 2008, 189 NC App 320, 663 SE.2d 1, review denied 346 NC 279, 487 S.E2d 548. Also Plantiff has filed a Claim against the Cansel(s) and defendants for Fraud and perjury along with Subornation of perjury. see Luis A. Rosado, Jr., v. Bradley D. Brecker, et. al., 5:25-cf-3183-D, filed on August 25, 2025.

Therefore, since the defendants Committed perjury and Cansels have Suborned perjury willingly and knowingly the Courts should Grant the plantiff an evidentiary hearing to be heard on the merits and Correct any use of false evidence. For a state employee such as an assistant attorney General should not act unmorally and be deceptive while representing the state interests, for this is Fraudulent Practice and violates 27 NCAC Rule 3.3 (a)(1)(3)(b)(c) Candor towards the Tribunal, and N.C.G.S.A§ 84-13 Fraudulent Practice

## PRAYER FOR RELIEF

Plantiff Prays for the following Relief:
1) For an order scheduling a Evidentiary Hearing.
2) For an order reprimanding Cansels Brecker, Trachtman for the violation of NCGS.A§ 126-35, 25 NCAC 1J. 0604, 25 NCAC 1J. 0614 (a)(d)(e)(4), and violating 18 USCA §§ 1621, 1622, NCGS.A§§ 14-209, 14-210, 27 NCAC Rule 3.3.
1) For an order Vacating all Summary Judgment for Jewoso, Biggs and Flemming

4) For a Reversal of Verdict And double the damages per NC.G.S.A§84-13 for Fraudulent Practice.

5) For an Indictment against the defendants for perjury (18 USCA § 1622 + NCGS.A §14-209.

6) For an Indictment against the Counsels for Subornation of perjury (18 USCA §1621 and NCGSA§14-210.

7) For an award for attorney fees.

8) For termination of defendants employment.

9) For findings of fact and Conclusion of Law pursuant to federal Rules of Civil Procedure Rule 52.

10) For any other Relief the United States District Court finds equitable and proper.

Respectfully Submitted on December 21, 2025.

Luis Antonio Rosado Jr.
#1087392

## CONCLUSION

Courts have a duty to preserve the Integrity of the Tribunals Proceedings, and has a duty to Correct any use of false evidence and that has been ruled on. Burr V. Jackson, Nov. 30, 2021, 19 F4th 395; State V. Clark, June 20, 2000, 138 NC APP 392; In re Caswell, July 11, 2019, 605 BR 401. Defense Counsels Brecher and Trachtman have breached fiduciary duties of a assistant attorney General, and failed to Conform to Rule 1.2 of Professional Conduct Provided by the North Carolina State Bar. Also the Counsels have violated NC State Bar Rules Ch. 2 Rule 3.1, 3.3, and 3.4.

For their actions have been dispicable and unmoral which is defined under the States statute NCGSA§126-35 and been defined under 25NCAC1J.0604, and 25 NCAC 1J.0614(a)(d)(e)(f) and Lastly 27 NCAC Rule 3.3 (a)(1)(3)(b)(c) Candor toward the Tribunal. see Podrebarac V. Horack, Talley, Pharr, + Lowndes, PA, oct.5,2021, 279 NCAPP624; Freedman V. Payne April 5,2016, 246 NCApp419; Moore V. Jordan may 15,2018, 259 NCAPP590. Counsels Brecher and Trachtman have suborned perjury from Defendants Robinson, Grier, Joyner, Barnes, Riggs. This is a severe breach of NC state Bar Rules and fiduciary duties of an Attorney, for the Counsels have failed to Report such acts that are purculating on the record to the Tribunal. Which has caused plantiff economic damages, and if not corrected will cause irreparable harm. see Commonwealth Land titles, Ins. Co. V. Walker + ROMM, April 11, 1994 883 FSupp 25, for the Counsels have misrepresented material facts in order to swindle, deceive and to defraud the Tribunal and plantiff. see Janese V. Fay August 27, 2012, 692 F3d 221; Foster V. Carlin, 218 F2d 795, see Smith V. Richards, 38 U.S.26, Value Health Solutions, Inc. V. Pharmaceutical Research Associates, Inc., Sept. 1, 2023, 385 N.C. 250, NC State BAR Rules ch. Rule 3.1, 3.3(a)(b)(c), 3.4(a)(b)(c) For the Counsels to utilize false evidence and Commit Fraud with no regard for the Rules which plays an important key part in Civil Proceedings and the parties should not be able to flant them with impunity. see Howell V. Haliburton, 1974, 205 SE2d. 617, 22 NCAPP40. Defendants Robinson, Barnes, Riggs and Joyner not only Committed perjury during first Interrogatories, but Barnes and Robinson, Grier have also Committed perjury during Trial session. Therefor, due to these fraudulent testimonies, and use of false evidence, and breach of fiduciary duties

Per NC State Bar Rules Ch.2. Rule 3.1, 3.3(a)(b)(c), and Rule 3.4(a)(b)(c) the Courts should Give the Plantiff an evidentiary hearing to be heard on the merits. For the defense has made false claims that are purculating on the Record and Plantiff has vigorously complained of the blatant disregard for Law, Rules and the Tribunal. Therefore, the Courts Should Grant this motion Pleading Special matters in its entirety, for the Good Cause Shown.

Respectfully Submitted on December 21, 2025

Luis Antonio Rosado Jr.
#1087392

## DECLARATION

I declare under the penalty of perjury that the foregoing stated herein to be True and Correct, even to those stated upon facts and belief believe them to be True.

Respectfully Submitted on December 21, 2025.

Sincerly,

Luis Antonio Rosado Jr.
#1087392
355 old Glenwood Rd.
Marion NC 28752

# Declaration of Service

I declare that I sent this 11 page document titled "Plantit Motion pleading special matters," and a copy of the same via the United States postal service (USPS), first class postage, prepaid to the addresses as follows:

United States District Court
For the Eastern District of N.C.
PO Box 25670
Raleigh NC 27611

Also

NC Dept. of Justice
Att: Assistant A.G. Bradley Brecher
PO Box 629
Raleigh NC 27602

Sincerly,

Luis Antonio Rosado Jr.
#1087392
355 Old Glenwood Rd.
Marion NC 28752